IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHARON A. McLAUGHLIN,

        Plaintiff,                                   CV No. 06-719-AS

   v.                                          OPINION
                                                   AND ORDER

RED ROBIN INTERNATIONAL, INC., a Nevada corporation,

        Defendant.

_____

ASHMANSKAS, Magistrate Judge:

      Plaintiff Sharon McLaughlin seeks damages from defendant Red Robin International, Inc. ("Red Robin"), for injuries she alleges from a fall she took while visiting defendant's restaurant in Gresham, Oregon. Currently before the court is plaintiff's motion for leave to file an amended complaint and defendant's motion for summary judgment, as well as two related motions to strike. For the reasons that follow: (1) plaintiff's motion for leave to file an amended complaint (No. 35) is GRANTED; (2) defendant's motion for summary judgment (No. 16) is DENIED; (3) defendant's motion to strike plaintiff's nine-page statement of facts, made in the course of defendant's reply brief

1 - OPINION AND ORDER

(No. 30), is DENIED; and (4) as plaintiff has withdrawn it, defendant's motion to strike the affidavit of Thomas R. Fries (No. 32) is DENIED as moot.

I.     Motion for Leave to File an Amended Complaint

Plaintiff's original complaint alleges that she was injured as a result of defendant's negligence and seeks $12,645.58 in economic damages, $500,000 in noneconomic damages, $4,356 in lost wages and an unspecified amount of future lost wages. Plaintiff would like to amend her complaint to set forth two counts, the first based upon allegations that defendant failed to remove or obviate an unreasonably dangerous condition on its premises, and the second based on allegations that defendant knew of an unsafe condition and breached a duty to warn its patrons or make its premises safe. Plaintiff asserts that the amended allegations reflect new evidence produced to her in the course of discovery.

Plaintiff also seeks to amend her prayer for relief by increasing her total economic damages to $65,000 and her noneconomic damages to $1,000,000. Plaintiff argues that these changes are necessary since she did not know the full extent of her injuries, for example, that she would require surgery, at the time her original complaint was filed.

Plaintiff also argues that because discovery is ongoing and no trial date has been set, granting the motion would not prejudice defendant.

Defendant responds that plaintiff violated pleading standards by not claiming a precise amount for each category of damages, that the amendments are not supported by evidence and that the motion is merely a tactic to defeat defendant's motion for summary judgment.

Given the stage of the proceedings, defendant's latter argument is not persuasive. At present, the deadline for the parties to complete discovery is March 12, 2007, and for filing dispositive

motions is March 26, 2007. Whenever a party chooses to file a dispositive motion before the close of discovery, that party assumes the risk that the motion will not address the effects of discovery on the claims and defenses. The court also finds persuasive plaintiff's argument that she has pleaded her damages with as much specificity as she can under the circumstances, which include the fact that she had surgery on November 20, 2006, the outcome of which is yet to be assessed.

In light of the standard provided by Rule 15(a) of the Federal Rules of Civil Procedure, that leave to amend "shall be freely given when justice so requires," plaintiff's motion to amend is granted.

II.    Motion for Summary Judgment

Defendant moves for summary judgment on the ground that there is no issue of material fact that, as a matter of law, it fulfilled its duty to warn invitees or make its premises safe for them.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment: (1) all reasonable doubts as to the existence of genuine issues of material fact are to be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

1987).

Considering the record under those standards compels the conclusion that there remain genuine issues of material fact. Giving due consideration to the parties' efforts in marshaling the evidence and analyzing the applicable authorities, it suffices to say that the remaining issues of material fact include, but are not limited to: defendant's knowledge of the condition, whether the condition was dangerous, whether the measures defendant undertook to warn its patrons were reasonable, what measures defendant undertook to make the condition safe, and whether those measures were reasonable.

Plaintiff correctly notes that, in general, the standards defendant cites arose in the context of determining proper jury instructions. That is consistent with the court's conclusion that the issues presently in dispute are typically questions for the finder of fact and to render a judgment in defendant's favor on the current record would require the court to resolve issues of material fact, which is impermissible at this stage of the proceedings. Consequently, defendant's motion must be denied.

## CONCLUSION

For these reasons, defendant's for summary judgement and motions to strike (Docket Nos. 16, 30 and 32) are DENIED. Plaintiff's motion for leave to file an amended complaint (No. 35) is GRANTED.

DATED this 30th day of January, 2007.

                                                  /s/Donald C. Ashmanskas
                                                  DONALD C. ASHMANSKAS
                                                  United States Magistrate Judge

4 - OPINION AND ORDER